IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EDWARD L. TAYLOR,            )
                             )
            Plaintiff,       )
                             )
      v.                     )      Civil Action No.04-1826
                             )      Judge Arthur J. Schwab/
TODD E. NAYLOR,              )      Magistrate Judge Francis
                             )      X. Caiazza
            Defendant.       )
                             )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is recommended that the Complaint filed by the Plaintiff

Edward L. Taylor be dismissed because his Fourth Amendment claim

is barred by the applicable statute of limitations and because

the Commonwealth of Pennsylvania has a an adequate post-

deprivation remedy with respect to his Fourteenth Amendment

claim.

### II. REPORT

#### A. Relevant Factual and Procedural History

On November 10, 2004, Edward L. Taylor ("the Plaintiff" or

"Taylor"), a state prisoner, executed a Complaint. Doc. 16. He

named Todd Naylor ("the Defendant" or "Naylor"), apparently an

Allegheny County detective, as the sole defendant. The only

allegations set out in the Plaintiff's Complaint are that on

March 25, 2002, at Taylor's home, Naylor illegally removed a safe

without probable cause in violation of his Fourth Amendment right

to be free of unreasonable seizures. Taylor also complains that
Naylor violated his Fourteenth Amendment Due Process rights by
failing to return his property after receiving a directive from
an assistant district attorney.

Attached to the Plaintiff's Complaint are two Petitions for
Return of Property filed under Pennsylvania Rule of Criminal
Procedure 588, which Taylor apparently sent to the Court of
Common Pleas of Allegheny County. One of the petitions had
inserted on it Allegheny County Common Pleas docket entries
numbered 200209530 and 200209536. This Court takes judicial
notice of the dockets entries and specifically recognizes Docket
200209536 which shows that on May 30, 2003, the Court Of Common
Pleas filed an order noting the "RETURN OF PROPERTY/MONIES
GRANTED."[1]

## 2.   Applicable Legal Standards

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No.
104-134, 110 Stat. 1321 (1996), Congress adopted major changes
affecting civil rights actions commenced by prisoners in an
effort to curb the increasing number of frivolous and harassing
law suits commenced by persons in custody. See Santana v. United
States, 98 F.3d 752, 755 (3d Cir. 1996). The PLRA in relevant

---

1. The Dockets of the Allegheny County Common Pleas Court are
available at:

   https://www.alleghenycourts.us/cims/default.asp

part amended the statutory provisions with respect to actions
brought by prisoners who are proceeding *in forma pauperis*
("IFP"). The amended version of the statute now reads that
"[n]otwithstanding any filing fee, or any portion thereof, that
may have been paid [by a prisoner granted IFP status], the court
shall dismiss the case at any time if the court determines that
it . . . fails to state a claim on which relief may be granted .
. . ". Here, Taylor has been granted IFP status (Doc. 3), and is
a prisoner within the meaning of 28 U.S.C. §1915.[2] See, e.g.,
Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143,
145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as
"the PLRA provision mandating *sua sponte* dismissal of *in forma
pauperis* actions that are frivolous or fail to state a claim").

In performing the court's mandated function of *sua sponte*
reviewing complaints under 28 U.S.C. § 1915(e), a federal
district court applies the same standards applicable to a motion
to dismiss under Federal Rule of Civil Procedure 12(b)(6). See,
e.g., Tucker v. Angelone, 954 F.Supp. 134, 135 (E.D. Va.) ("Under
28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c), the courts
are directed to dismiss any claims made by inmates that 'fail to
state a claim upon which relief could be granted'. This is the

---

2. The term prisoner as used in Section 1915 means "any person
incarcerated or detained in any facility who is accused of, convicted
of, sentenced for, or adjudicated delinquent for, violations of
criminal law or the terms and conditions of parole, probation,
pretrial release, or diversionary program."   28 U.S.C. § 1915(h).

familiar standard for a motion to dismiss under Fed. R. Civ. P.

12(b)(6)."), aff'd, 116 F.3d 473 (4th Cir. 1997) (Table).

The court's obligation to dismiss a complaint under the PLRA

is not excused, even after a defendant has filed a motion to

dismiss based upon grounds which were not raised by the

defendant. See, e.g., Lopez v. Smith, 203 F.3d 1122, 1126 n.6

(9th Cir. 2000). Finally, in reviewing complaints as mandated by

28 U.S.C. §1915(e), and in applying the applicable standards,

courts may take judicial notice of public records, court orders

and exhibits which are attached to the complaint. See Oshiver v.

Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir.

1994).

## C.   **Discussion**

### 1.   The Fourth Amendment Claim

A claim may be dismissed where the complaint reveals on its

face that it is barred by the applicable statue of limitations.

Oshiver, 38 F.3d at 1384 n.1;  Woodward v. Paige, 106 F.3d 414

(Table), 1997 WL 31548, at *1 (10th Cir. 1997)("Where a complaint

shows on its face that the applicable statute of limitations has

expired, dismissal for failure to state a claim is

appropriate."). Here, Taylor's Complaint on its face shows that

his Fourth Amendment claim is time barred.

First, the court recognizes that the Plaintiff's civil

rights complaint filed pursuant to 42 U.S.C. § 1983[3] is governed
by a two year statute of limitations. See Smith v. Holtz, 87 F.3d
108, 111 n.2 (3d Cir. 1996) and 42 Pa. Cons. Stat. Ann. § 5524.
Also, the statute of limitations begins to run its course at the
time a cause of action accrues. See Sprint Communications Co.,
L.P. v. F.C.C., 76 F.3d 1221, 1226 (D.C. Cir. 1996).

Here, Taylor's cause of action accrued when the alleged
unlawful seizure occurred on March 25, 2002. See, e.g., Gonzalez
v. Entress, 133 F.3d 551, 553 (7th Cir. 1998)("a claim asserting
a violation of the fourth amendment necessarily 'accrues' at the
time of the unlawful search or seizure"). Consequently, Taylor
had until March 25, 2004 to file his Complaint. Also, the general
rule is that a complaint is filed when either the filing fee is
paid or the request to proceed in forma pauperis is granted.
Williams-Guice v. Board of Educ. of City of Chicago, 45 F.3d 161,
162-63 (7th Cir. 1995). There is an exception, however, known as
the prisoner mail box rule. Under the mailbox rule, a pro se
prisoner's civil action is considered filed on the date that the
prisoner delivers the complaint to prison authorities for

_____

3. Taylor does not specifically base his claim on the Civil Rights
Act, 42 U.S.C. § 1983. However, because he is seeking to vindicate his
constitutional rights and because he does not have a cause of action
directly under the Constitution, a liberal reading of the Complaint
requires the court to construe his Complaint as one invoking the
court's jurisdiction pursuant to 42 U.S.C. § 1983. See, e.g., Arpin v.
Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir.
2001)("a litigant complaining of a violation of a constitutional right
does not have a direct cause of action under the United States
Constitution but must utilize 42 U.S.C. § 1983.").

mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988); Casanova
v. DuBois, 304 F.3d 75, 79 (1st Cir. 2002) (applying Houston rule
to civil rights complaint). Furthermore, "[g]iven the
[evidentiary] difficulty in determining when a prisoner
relinquishes control of the complaint to prison personnel, the
date the plaintiff signed the original complaint is presumed to
be the date plaintiff gave the complaint to prison officials to
be mailed." Minques v. Nelson, No. 96 CV 5396, 2004 WL 324898,
at *3 (S.D.N.Y. Feb. 20, 2004) (citing cases). Here, the
Plaintiff signed the Complaint on November 10, 2004. Doc. 16 at
3. Because Taylor's Fourth Amendment cause of action accrued on
March 25, 2002 and because he did not file his Complaint until  -
at the earliest-  November 10, 2004, his Fourth Amendment claim
is time barred.

    2.   The Fourteenth Amendment Procedural Due Process claim

     Taylor also claims that Naylor deprived him of his property
in violation of the Fourteenth Amendment's procedural due process
clause. This claim is apparently based on Naylor's purported
failure to return Taylor's property. "The fundamental requirement
of due process is the opportunity to be heard at a meaningful
time and in a meaningful manner." Mathews v. Eldridge, 424 U.S.
319, 333 (1976). In Parratt v. Taylor, 451 U.S. 527, 541-43
(1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S.
327, 330-31 (1986), the Supreme Court held that whenever a

plaintiff alleges a deprivation of a property interest which occurs as a result of "a random, unauthorized act," the Fourteenth Amendment's due process requirement is satisfied if the state provides an adequate post-deprivation remedy. While Parratt dealt with negligent deprivations of property, the Court later ruled that this reasoning also applied to intentional deprivations of property. Hudson v. Palmer, 468 U.S. 517, 533 (1983).[4] Accordingly, such claims are not cognizable under § 1983 whenever a state's post deprivation remedies are adequate to protect a plaintiff's procedural due process rights.

Pennsylvania has put in place adequate post-deprivation remedies. It also appears that Taylor availed himself of one remedy. See Pet. for Return of Property Under Pa. R. Crim. P. Rule 588,[5] (i.e. the second petition attached to Plaintiff's

---

4. While both Parratt and Hudson dealt with prisoners whose property was lost or taken by prison authorities, the reasoning in those cases has been extended to situations such as the one here where a plaintiff alleges that property seized during an arrest by officers was not returned. See, e.g., Harris v. St. Louis Police Dept., 164 F.3d 1085, 1086 (8th Cir. 1998); Scott v. Archey, 99 Fed. Appx. 62, 63 (7th Cir. 2004); Stiger v. O'Neill, 53 Fed. Appx. 738, 740 (6th Cir. 2002); Lowerison v. Yavno, 26 Fed. Appx. 720, 722-23 (9th Cir. 2002); McCormick v. City of Lawrence, 253 F. Supp.2d 1172, 1198-99 (D. Kan. 2003); Carter v. Kress, No. 83 CIV. 1225, 1985 WL 100 (S.D.N.Y. Oct. 10, 1985).

5. Pa. R. Crim. P. 588 provides in relevant part as follows:

(A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

7

Complaint). This court, as it can, takes judicial notice of the

Allegheny County Common Pleas docket at No. 200209536 which

reveals that on May 30, 2003, the Court Of Common Pleas filed an

order noting the "RETURN OF PROPERTY/MONIES GRANTED."   In

addition, Pennsylvania provides a cause of action for conversion

of property. See, e.g., Lanning v. West, 803 A.2d 753, 759 (Pa.

Super. 2002). Given that Pennsylvania provides adequate post

deprivation remedies, Taylor has failed, as a matter of law, to

state a claim for a violation of his procedural due process

rights.

### III.   CONCLUSION

In accordance with the Magistrates Act, 28 U.S.C. §

636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are

allowed ten (10) days from the date of service to file written

objections to this report.  Any party opposing the objections

shall have seven (7) days from the date of service of the

objections to respond thereto.  Failure to timely file objections

may constitute a waiver of any appellate rights.

Francis X. Caiazza,
Francis X. Caiazza
U.S. Magistrate Judge

Dated: April 6, 2006

---

> (B) The judge hearing such motion shall receive evidence on
> any issue of fact necessary to the decision thereon. If the
> motion is granted, the property shall be restored unless the
> court determines that such property is contraband, in which
> case the court may order the property to be forfeited.

cc:   The Honorable Arthur J. Schwab

      Edward L. Taylor
      BW-5228
      SCI Mahanoy
      301 Morea Road
      Frackville, PA 17932

      Todd Naylor
      Allegheny County Police Dept.
      400 N. Lexington Street
      Pittsburgh, PA 15208